UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MITCHELL LEE VARNELL,

    Plaintiff,

v.

WASHINGTON STATE DEPARTMENT OF CORRECTIONS, et al.,

    Defendants.

CASE NO. 3:15-CV-05443-BHS-DWC

ORDER TO SHOW CAUSE OR AMEND

Plaintiff Mitchell Varnell, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983. Having reviewed and screened Plaintiff's Complaint under 28 U.S.C. § 1915A, the Court declines to serve Plaintiff's Complaint but provides Plaintiff leave to file an amended pleading by August 20, 2015, to cure the deficiencies identified herein.

**BACKGROUND**

Plaintiff, who is currently incarcerated at Stafford Creek Correction Center ("SCCC"), alleges Defendants were deliberately indifferent to his serious medical need by failing to provide him with adequate medical care after suffering a severe back injury. Dkt. 4. Plaintiff alleges he fell down a set of stairs at the Snohomish County Jail in 2002. *Id.* Plaintiff repeatedly asked for

treatment for his back while he was incarcerated at Washington State Penitentiary and SCCC. *Id.* In 2011, while housed at SCCC, Plaintiff underwent back surgery. *Id.* Plaintiff alleges continued back pain and medical problems after the surgery. *Id.* Plaintiff claims include he: (1) has been denied follow-up care and appointments; (2) has been repeatedly transported incorrectly causing additional back problems; and (3) needs a second surgery to correct damaged hardware in his back. *Id.*

## DISCUSSION

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

A.     **Personal Participation**

The Court concludes Plaintiff provided sufficient factual assertions to show his Eighth Amendment rights have allegedly been infringed. *See* Dkt. 4. Plaintiff, however, failed to allege facts showing how the constitutional violations were proximately caused by each Defendant. To state a claim under 42 U.S.C. § 1983, Plaintiff must allege facts showing how a defendant caused or personally participated in causing the harm alleged in the complaint. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold*, 637 F.2d at 1355. A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633. Further, a § 1983 suit cannot be based on vicarious liability alone, but must allege the defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989).

Plaintiff names the following thirty-nine individuals as Defendants in this case: Steven Hammond, John Kenney, Kenneth Sawyer, Sara Smith, Pat Glebe, Rodolfo Trevino, Randall Pierce, Joseph Lopen, Louie Figueroa, Stephen Sinclair, D. Dhane, C. Tucker, McCarty, John Smith, Inda Hertz, Kim Dotson, PA-C Mary Houseman, Sandra Conner, Elizabeth Suiter, Jean Ryan, Jan Soloy, Paula Thrall, Deb Clinton, Nelson Antoniuk, Cathy Baum, William Rollins, Jackie Shuey, Lisa Anderson, Megan Herdener, Pamalyn Saari, Benjamin Rodriguez, Daniel Delp, James Edwards, Kenneth Moore, Shirlee Neisner, David Kenney, Dean Koa, Florence Fadele, and Mary Colter. *See* Dkt. 1-2. While the factual summary contained in the Complaint identifies twelve of the listed Defendants, Plaintiff fails to clearly state the alleged wrong-doing of each of the twelve Defendants. *See* Dkt. 4. Further, Plaintiff fails to name the other twenty-

seven Defendants in his factual summary, and therefore fails to allege any claim against these additional Defendants. *Id.*

If Plaintiff wishes to pursue this § 1983 action, he must provide a short, plain statement explaining exactly what each Defendant did or failed to do and how the actions violated Plaintiff's constitutional rights and caused him harm.

**B.      Improper Defendants**

Plaintiff names the Washington State Department of Corrections ("DOC") as a defendant. Dkt. 3, p. 1. Section 1983 applies to the actions of "persons" acting under the color of state law. The DOC, as an arm of the state of Washington, is not a "person" for purposes of a § 1983 civil rights action. *See Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 65, 71 (1989). Additionally, there is no evidence the state of Washington has waived its Eleventh Amendment immunity in federal courts. Therefore, the DOC is a state agency which cannot be sued under § 1983.

The Department of Corrections Care Review Committee ("CRC") is also named as a defendant in the Complaint. *See* Dkt. 1-2. As the CRC is a committee, it is not a "person" for purposes of a § 1983 civil rights action. *See e.g. Herrera v. Pain Management Committee at Corcoran State Prison*, 2012 WL 6005379, *2 (E.D. Cal. Nov. 30, 2012) (finding a committee was not a proper defendant in a § 1983 action). If Plaintiff wishes to sue the members of the CRC, he must identify each individual committee member as a defendant and identify the actions taken by each committee member which resulted in a violation of his constitutional rights.

Plaintiff also names John Doe as a defendant in this action. The use of "John Doe" to identify a defendant is not favored. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). Although a plaintiff may be given an opportunity after filing a lawsuit to discover the identity of unknown defendants through discovery, the use of Doe defendants is problematic because those

persons cannot be served with process until they are identified by their real names. If filing an amended complaint, Plaintiff shall attempt to provide the name of Defendant John Doe.

**C.      Notice of Statute of Limitations**

Plaintiff's Complaint alleges facts which occurred between 2002 and the present date. *See* Dkt. 4. A complaint must be timely filed. The Civil Rights Act, 42 U.S.C. § 1983, contains no statute of limitations. "Thus, the federal courts [ ] apply the applicable period of limitations under state law for the jurisdiction in which the claim arose." *Rose v. Rinaldi*, 654 F.2d 546, 547 (9th Cir.1981). In *Rose*, the Ninth Circuit determined the three year limitations period identified in Revised Code of Washington 4.16.080(2) is the applicable statute of limitations for § 1983 cases in Washington. 654 F.2d at 547; *see* RCW 4.16.080(2). If Plaintiff chooses to file an amended complaint, he may provide the history of his injury and treatment. Plaintiff, however, should only seek relief against Defendants whose actions allegedly violated his constitutional rights within the applicable limitations period, which would be violations occurring no earlier than June 27, 2012. *See* Dkt. 1, 4 (showing the case was initiated on June 27, 2015).

**D.      Instruction to Plaintiff and the Clerk**

If Plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file an amended complaint and within the amended complaint, he must write a short, plain statement telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976).

1     Plaintiff shall present the amended complaint on the form provided by the Court. The
2 amended complaint must be legibly rewritten or retyped in its entirety, it should be an original
3 and not a copy, it should contain the same case number, and it may not incorporate any part of
4 the original complaint by reference. The amended complaint will act as a complete substitute for
5 the original Complaint, and not as a supplement. The Court will screen the amended complaint to
6 determine whether it contains factual allegations linking each defendant to the alleged violations
7 of Plaintiff's rights. The Court will not authorize service of the amended complaint on any
8 defendant who is not specifically linked to a violation of Plaintiff's rights.

9     If Plaintiff fails to file an amended complaint or fails to adequately address the issues
10 raised herein on or before August 20, 2015, the undersigned will recommend dismissal of this
11 action as frivolous pursuant to 28 U.S.C. § 1915.

12     Dated this 20th day of July, 2015.

*/s/ David W. Christel*
David W. Christel
United States Magistrate Judge

ORDER TO SHOW CAUSE OR AMEND - 6