UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MITCHELL LEE VARNELL,

    Plaintiff,

v.

WASHINGTON DEPARTMENT OF CORRECTIONS et al.,

    Defendants.

CASE NO. 3:15-CV-05443-BHS-DWC

ORDER DENYING MOTION TO COMPEL

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed this civil rights Complaint pursuant to 42 U.S.C. § 1983. Presently before the Court is Plaintiff's Motion to Compel ("Motion"). Dkt. 26.

Plaintiff's Motion asks the Court to order Defendants to provide Plaintiff with discovery documents at Defendants' expense. Dkt. 26 Dkt. 26-1 (Affidavit in Support).

DISCUSSION

Federal Rule of Civil Procedure 34(a)(1) requires the party upon whom the discovery request was served "to produce and permit the requesting party or its representative to inspect,

1  copy, test or sample ..." the items that are deemed responsive to his request. Nothing in Rule 34
2  requires the producing party to bear the costs associated with the production.
3      The costs of discovery should be borne by the party requesting discovery and it is not
4  Defendants' responsibility to provide Plaintiff with the resources necessary for him to litigate his
5  case at Defendant's expense. *See Lewis v. Casey*, 518 U.S. 343, 384 (1996) (an inmate's
6  constitutional right of access to the courts does not impose "an affirmative obligation on the
7  states to finance and support prisoner litigation"); *Manley v. Zimmer*, 2013 WL 5978021, *3-4
8  (D. Nev. Nov. 8, 2013) (finding the expenses for the plaintiff's discovery should be borne by the
9  plaintiff, and not the responsibility of the defendants).
10     Furthermore, although the Court granted plaintiff's application to proceed *in forma*
11 *pauperis,* (Dkt. 3), the *in forma pauperis* statute, 28 U.S.C. § 1915, only waives the filing fee for
12 an indigent prisoner's civil rights complaint, and it does not require the Court to order financing
13 of the entire action or waiver of fees or expenses for discovery. *Hadsell v. Comm'r Internal*
14 *Revenue Serv.,* 107 F.3d 750, 752 (9th Cir. 1997); *Dixon v. Ylst,* 990 F.2d 478, 480 (9th Cir.
15 1993); *Tedder v. Odel,* 890 F.2d 210, 211–12 (9th Cir. 1989) (per curiam). Thus, Plaintiff is
16 financially responsible for all other costs of litigation including the cost of obtaining discovery
17 documents.
18     Defendants provided Plaintiff with options to inspect the documents responsive to his
19 discovery requests. Dkt. 27. The documents would be (1) made available for inspection and
20 review by Plaintiff's representative; (2) copied at a rate of 10 cents per page in addition to
21 postage costs; or (3) produced on a CD mailed to a third party representative. Dkt. 27 at 2,
22 Exhibit 1 ¶ 3. Defendants also offered to provide up to 25 pages of documents free of charge,
23 which could be double-sided and contain up to two pages per side. *Id.* Plaintiff has not taken
24

1  advantage of the options afforded to him by Defendants and continues to request Defendants
2  obtain his discovery documents at their own expense. Dkt. 28. Defendants' production and
3  alternative options clearly comport with the requirements of Rule 34. Therefore, the Plaintiff's
4  Motion to Compel (Dkt. 26) is denied.

5        Dated this 8th day of February, 2016.

/s/ David W. Christel
David W. Christel
United States Magistrate Judge