UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MITCHELL V. VARNELL,

        Plaintiff,

v.

KENNETH SAWYER, et al.,

        Defendants.

CASE NO. 15-5443BHS-DWC

ORDER ADOPTING IN PART REPORT AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable David W. Christel, United States Magistrate Judge (Dkt. 38), and Plaintiff Mitchell Varnell's motions to stay objections or grant additional time to file objections to the R&R (Dkts. 40, 43, 44, 52), and Varnell's objections to the R&R (Dkt. .

On March 21, 2016, Judge Christel issued the R&R recommending that the Court deny Varnell's motion for a temporary restraining order because some issues were moot, some were outside the scope of the complaint, and Varnell failed to meet his burden. Dkt. 38. On April 6, 2016, Varnell filed a motion for an extension of time to file objections. Dkt. 41. On April 12, 2016, Varnell filed a motion to stay objections to the R&R (Dkt. 43) and a motion for extension of time to file objections (Dkt. 44). On April

ORDER - 1

21, 2016, Varnell filed an amended motion for an extension of time to file objections. Dkt. 52. On May 5, 2016, Varnell filed objections. Dkt. 61. On May 10, 2016, Defendants responded. Dkt. 62.

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

With regard to the motions for an extension of time, the Court grants the motions to the extent that the Court will accept and consider Varnell's objections. The Court will also accept and consider Defendants' response.

With regard to the merits of the R&R, Judge Christel recommends that the Court deny Varnell's requests for preliminary relief. First, Judge Christel denied Varnell's "request for cushioned seats as moot." Dkt. 38 at 4. Varnell objects on the basis that Defendants have provided Varnell cushions to sit on in vehicles without cushioned seats instead of transporting Varnell in a vehicle with cushioned seats. Dkt. 61. Defendants contend that the "provision of cushions to Mr. Varnell is a reasonable accommodation to address Mr. Varnell's concerns regardless of whether or not a car with its own cushioned seats is used to transport him." Dkt. 62 at 2. The parties' current dispute shows that they did not fully develop this issue for Judge Christel. At the very least, the Court finds that the issue is not moot and declines to adopt the R&R on this issue. The matter should be referred for further consideration on the merits of Varnell's request for a vehicle with cushioned seats.

1    Second, Judge Christel recommends denying Varnell's request for pain medication
2 and surgery because the requests are beyond the scope of the complaint and because they
3 fail on the merits. Dkt. 38 at 4–8. With regard to the procedural problem, the Court
4 agrees that Varnell's requests are beyond the scope of the claims in the operative
5 complaint. Although Varnell argues that this problem has been solved by his new
6 amended complaint, the Court declines to consider this issue as an initial matter because
7 the proper procedure is to present the issue to Judge Christel in light of the newly
8 amended complaint.
9    With regard to the merits of the request, the Court also agrees with Judge Christel
10 that Varnell has failed to meet his burden. On the issue of back surgery, Varnell has at
11 most shown a difference of medical opinion regarding the necessity of surgery. The
12 existence of differing medical opinions fails to state a claim as a matter of law. *Jackson*
13 *v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996). At the very least, Varnell has failed to
14 show likelihood of success on the merits of this claim, if the claim even exists at all, and
15 the Court adopts the R&R on this issue. On the issue of pain medication, Varnell
16 similarly fails to show anything more than a difference of opinion and his refusal to try
17 other pain management options. The Court concludes that Varnell has also failed to
18 show a likelihood of success on the merits of this request, and the Court adopts the R&R
19 on this issue.
20    Therefore, the Court having considered the R&R, Varnell's objections, and the
21 remaining record, does hereby find and order as follows:
22

(1) Varnell's motions for extension of time (Dkts. 40, 43, 44, 52) are **GRANTED in part** to the extent he required additional time to file objections and **DENIED** as to all other issues presented;

(2) The R&R is **ADOPTED in part**;

(3) Varnell's motion for preliminary injunction is **DENIED in part** on the requests for surgery and medication for pain management; and

(4) The Court **declines to adopt** the R&R in part and the matter is **REFERRED** for further consideration of Varnell's request for cushioned transportation.

Dated this 23rd day of May, 2016.

_____
BENJAMIN H. SETTLE
United States District Judge