UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MITCHELL LEE VARNELL,<br><br>Plaintiff,<br><br>v.<br><br>WASHINGTON DEPARTMENT OF CORRECTIONS, et al.,<br><br>Defendants. | CASE NO. 3:15-CV-05443-BHS-DWC<br><br>ORDER ON MOTION FOR RECONSIDERATION |

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed this civil rights Complaint pursuant to 42 U.S.C. § 1983. *See* Dkt. 1, 4. Presently before the Court is Plaintiff's "Motion for Reconsideration of Dkt# 75, Order Denying Plaintiff's Motion for Court Appointed Counsel LCR 7(h)(1), CR 7(h)" ("Motion"). Dkt. 79. After reviewing the Motion and relevant record, the Court denies the Motion as it does not meet the standard outlined in Local Civil Rule 7(h).

In his Motion, Plaintiff seeks reconsideration of the Court's Order denying Plaintiff's Motion for Appointment of Counsel. Dkt. 79. On June 6, 2016, the Court denied Plaintiff's Motion for Appointment of Counsel (Dkt. 55) because Plaintiff did not show (1) the case

involves complex facts or law; (2) an inability to articulate the factual basis of his claims in a fashion understandable to the Court; or (3) he is likely to succeed on the merits of his case. Dkt. 75. In his Motion, Plaintiff reiterates he needs court appointed counsel because his injuries make it difficult to file timely pleadings with the Court. Dkt. 79. He also states he has shown he is likely to succeed on the merits based on the allegations contained in his Third Amended Complaint. *Id.*

Pursuant to Local Civil Rule 7(h), motions for reconsideration are disfavored and will be denied absent a showing of manifest error or a showing of new facts or legal authority which could not have been presented earlier with reasonable diligence.

Plaintiff has not met the standard outlined in Local Civil Rule 7(h). Plaintiff fails to show a manifest error in the Court's prior ruling. Plaintiff also fails to provide new facts or legal authority which could not have been presented earlier or show this case presents an "exceptional circumstance" requiring the appointment of counsel. *See Rand v. Roland*, 113F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

As the Motion does not meet the standard outlined in Local Civil Rule 7(h) or show appointment of counsel is appropriate at this time, Plaintiff's Motion is denied.

Dated this 6th day of July, 2016.

David W. Christel
United States Magistrate Judge