UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MITCHELL LEE VARNELL,

                    Plaintiff,

          v.

WASHINGTON DEPARTMENT OF
CORRECTIONS, et al.,

                    Defendants.

CASE NO. 3:15-CV-05443-BHS-DWC

ORDER

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed this civil rights Complaint pursuant to 42 U.S.C. § 1983. *See* Dkt. 1, 4. Presently before the Court is Defendants' Motion for Leave to Amend Answer to Plaintiff's Third Amended Complaint ("Motion"). Dkt. 91.[1] The Court concludes justice requires Defendants be given leave to amend. Accordingly, Defendants' Motion is granted.

## BACKGROUND

On June 6, 2016, Plaintiff Mitchell Lee Varnell filed the Third Amended Complaint. Dkt. 77. Defendants filed their Answer to the Third Amended Complaint ("Answer") on June 20,

---

[1] The Motion was filed on behalf of all Defendants in this case: Charles Casey, Steven Hammond, David Kenney, Kenneth Sawyer, Sara Smith, and Howard Yardley. *See* Dkt. 91.

2016. Dkt. 80. Defendants filed the Motion on August 31, 2016, requesting leave to file an

amended answer. Dkt. 91. Plaintiff filed a Response and Defendants filed a Reply. Dkt. 92, 96.

**DISCUSSION**

Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, "a party may amend its

pleading only with the opposing party's written consent or the court's leave.  The court should

freely give leave when justice so requires."[2] Here, Plaintiff does not give consent for Defendants

to amend the Answer. *See* Dkt. 92. Therefore, Defendants must have the Court's leave to file an

amended answer. *See* Fed.R.Civ.P. 15(a)(2).

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so

requires.'" *AmerisourceBergen Corp. v. Dialysis West, Inc.*, 445 F.3d 1132, 1136 (9th Cir. 2006)

(*quoting* Fed.R.Civ.P. 15(a)). "In determining whether leave to amend is appropriate, the district

court considers 'the presence of any of four factors: bad faith, undue delay, prejudice to the

opposing party, and/or futility.'" *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708,

712 (9th Cir. 2001) (*quoting Griggs v. Pace Am. Group, Inc.*. 170 F.3d 877, 880 (9th Cir. 1999)).

Defendants assert it was not clear from Plaintiff's Third Amended Complaint whether

Plaintiff was seeking relief against Defendants Casey and Yardley for their alleged transportation

of Plaintiff on November 7, 2011. Dkt. 91. However, based on Plaintiff's discovery requests,

Defendants found Plaintiff is seeking relief based on the November 7, 2011 incident. *See id*.

Defendants also uncovered information during discovery which "calls into question

Defendants['] Answer to paragraph thirty" regarding whether Plaintiff was in fact transported on

November 7, 2011. *Id*. at p. 2. As a result of the information they obtained during discovery,

---

[2] Under Rule 15(a)(1)(A), a party may also amend its pleading once as a matter of course within 21 days after serving it. Defendants' Answer was filed on June 20, 2016; therefore, to amend as a matter of course, the amended answer was due on or before July 11, 2016. As the Motion was filed August 31, 2016, Defendants cannot amend as a matter of course.

1  Defendants seek to correct the Answer as it relates to the November 7, 2011 incident and assert

2  the affirmative defense of statute of limitations. *Id*.

3       Plaintiff argues (1) the amendment is futile and (2) he will be prejudiced by the

4  amendment. Dkt. 92.[3]

5       First, Plaintiff asserts the amendment is futile. *See* Dkt. 92, p. 4. He contends he was not

6  aware of his injuries resulting from the November 7, 2011 incident until November 12, 2012, and

7  therefore his claim is not barred by the statute of limitations. *Id*. The Civil Rights Act, 42 U.S.C.

8  § 1983, contains no statute of limitations. "Thus, the federal courts [ ] apply the applicable period

9  of limitations under state law for the jurisdiction in which the claim arose." *Rose v. Rinaldi*, 654

10  F.2d 546, 547 (9th Cir. 1981). In *Rose*, the Ninth Circuit determined the three year limitations

11  period identified in Revised Code of Washington 4.16.080(2) is the applicable statute of

12  limitations for § 1983 cases in Washington. 654 F.2d at 547; *see* RCW 4.16.080(2).

13       Here, Plaintiff initiated this action on June 27, 2015. Dkt. 1. On July 20, 2016, the Court

14  informed Plaintiff he could provide the history of his injuries and treatment in his Complaint, but

15  should only seek relief against actions occurring on or after June 27, 2012. Dkt. 5, p. 5. During

16  discovery, Defendants determined Plaintiff was raising a claim from November 7, 2011. Dkt. 92.

17  As Plaintiff is attempting to seek relief from Defendants' alleged actions occurring prior to June

18  27, 2012, the Court finds Defendants' proposed amended answer is not futile.

19       Second, Plaintiff argues he will be prejudiced by the amendment because Defendants

20  provided false information to the Court. Dkt. 92, pp. 4-5. Plaintiff does not explain how he is

21  prejudiced by Defendants alleged use of false information. Further, it appears Plaintiff merely

22  disputes Defendants' interpretation of the facts in this case. The Court notes the discovery period

23

24  ___
   [3] Plaintiff does not argue the Motion should be denied because Defendants have acted in bad faith or the Motion is unduly delayed. Dkt. 92. Therefore, the Court will not discuss either factor.

ORDER - 3

1  does not close until October 26, 2016 and the dispositive motions deadline is November 16,

2  2016. Dkt. 74. Therefore, Plaintiff can conduct any additional discovery prior to the dispositive

3  motion deadline. Plaintiff can present opposing evidence for the Court to consider in response to

4  evidence filed in support of any dispositive motion. Accordingly, the Court finds Plaintiff is not

5  unfairly prejudiced by allowing Defendants to amend the Answer at this time.

6  **CONCLUSION**

7      Defendants' proposed amended answer is not futile and does not unfairly prejudice

8  Plaintiff. Therefore, the Court finds justice requires Defendants be given leave to amend the

9  Answer. Accordingly, Defendants' Motion is granted. Defendants are ordered to file their

10  Amended Answer to Plaintiff's Third Amended Complaint on or before October 5, 2016.

11      Dated this 28th day of September, 2016.

12

13      David W. Christel
        United States Magistrate Judge

14

15

16

17

18

19

20

21

22

23

24

ORDER - 4