UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MITCHELL LEE VARNELL,<br><br>Plaintiff,<br><br>v.<br><br>WASHINGTON DEPARTMENT OF CORRECTIONS,<br><br>Defendant. | CASE NO. 3:15-CV-05443-BHS-DWC<br><br>REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION<br><br>Noting Date: November 18, 2016 |

The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Before the Court is Plaintiff's Motion for a Preliminary Injunction ("Motion"), filed on February 18, 2016. Dkt. 32. After reviewing the parties' supplemental briefing, the Court concludes Plaintiff has failed to demonstrate he is likely to succeed on the merits of his underlying claims, and has failed to show irreparable harm. Accordingly, the Court recommends the Motion be denied.

**BACKGROUND**

Plaintiff, who is currently incarcerated at Stafford Creek Corrections Center ("SCCC"), alleges his Eighth Amendment right to be free from cruel and unusual punishment was violated

1  when he was transported to medical appointments in vehicles with hard metal or plastic seats,

2  despite his history of lower back surgery. *See* Dkt. 77, p. 12. Plaintiff requests the entry of a

3  mandatory preliminary injunction requiring the Defendants to transport him to all future medical

4  appointments in vehicles with pre-installed cushioned seats. Dkt. 32, p. 1.

5  　　　After initial briefing was completed, the undersigned issued a Report and Recommendation

6  ("R&R") recommending the Motion be denied. Dkt. 35, 36, 38. The undersigned recommended, in

7  relevant part, Plaintiff's request for a vehicle with cushioned seats during transportation be denied

8  as moot because Plaintiff was provided cushions to protect his back during transport. Dkt. 38, p. 4.

9  Plaintiff filed an Objection to the R&R. Dkt 61. Defendants filed a Response to Objections, Dkt.

10  62, and Plaintiff filed a Reply. Dkt. 63.

11  　　　On May 23, 2016, District Judge Benjamin H. Settle entered an Order Adopting In Part

12  Report and Recommendation, wherein he declined to adopt the portion of the R&R regarding

13  Plaintiff's request to ride in vehicles with cushioned seats. Dkt. 66. Judge Settle found, based on

14  information contained in the Objection and Response to Objections, the parties failed to fully

15  develop the issue regarding Plaintiff's request for cushioned seats. *Id*. In light of the parties' failure

16  to fully develop this issue, Judge Settle referred the portion of the Motion regarding Plaintiff's

17  request for a vehicle with cushioned seats to the undersigned for further consideration on the

18  merits. *Id*. at p. 2.

19  　　　On June 3, 2016, the Court ordered supplemental briefing on the issue of Plaintiff's request

20  for cushioned seats. Dkt. 73. Plaintiff filed supplemental briefing on June 28, 2016. Dkt. 81. On

21  August 1, 2016, Defendants filed a responsive brief. Dkt. 85. Plaintiff filed a reply on August 12,

22  2016. Dkt. 86. Concurrently, Plaintiff filed a notice of appeal of Judge Settle's Order Adopting In

23  Part Report and Recommendation to the United States Court of Appeals for the Ninth Circuit. Dkt.

24

REPORT AND RECOMMENDATION ON
PLAINTIFF'S MOTION FOR A PRELIMINARY
INJUNCTION - 2

87. Plaintiff's appeal was dismissed for lack of jurisdiction on September 20, 2016, and the Court of Appeals issued its mandate on October 27, 2016. Dkt. 95, 105.

## DISCUSSION

Under the Prison Litigation Reform Act ("PLRA"),

> The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of a Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

18 U.S.C. § 3626(a)(1)(A).

The purpose of preliminary injunctive relief is to preserve the status quo or prevent irreparable injury pending the resolution of the underlying claim. *Sierra On-line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984). "A plaintiff seeking a preliminary injunction must establish" (1) "he is likely to succeed on the merits," (2) "he is likely to suffer irreparable harm in the absence of preliminary relief," (3) "the balance of equities tips in his favor," and (4) "an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20, (2008). The Ninth Circuit also allows for the "serious questions" variation of the test, where "a preliminary injunction is proper if there are serious questions going to the merits; there is a likelihood of irreparable injury to the plaintiff; the balance of hardships tips sharply in favor of the plaintiff; and the injunction is in the public interest." *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012).

As a threshold matter, Plaintiff argues, for purposes of evaluating whether he is entitled to preliminary injunctive relief, the Court should treat each factual allegation he has made as true, and construe those allegations in the light most advantageous to him by drawing all reasonable inferences in his favor. Dkt. 86, p. 1. However, Plaintiff's proposed burden of

production is inconsistent with both the standard for preliminary injunctive relief, as well as longstanding Ninth Circuit precedent. Unlike a motion to dismiss, it is Plaintiff's burden, as the moving party, to demonstrate he is entitled to the extraordinary remedy of preliminary injunctive relief. *Towery v. Brewer*, 672 F.3d 650, 657 (9th Cir. 2012). *See also, e.g., McSorley v. Northern Nevada Correctional Center*, 225 Fed.Appx. 448, 449 (9th Cir. 2007). Indeed, because Plaintiff is seeking a mandatory preliminary injunction—in other words, an injunction which goes beyond the preservation of the status quo—the Court must deny the motion "unless the facts and law *clearly favor* the moving party." *Stanley v. University of Southern California*, 13 F.3d 1313, 1320 (9th Cir. 1994) (internal citations and quotations omitted) (emphasis added).

### I. Plaintiff's Eighth Amendment Claim

Plaintiff first argues he is entitled to a preliminary injunction based on Defendant's deliberate indifference to his serious medical needs, in violation of the Eighth Amendment's prohibition against cruel and unusual punishment. For the reasons discussed below, Plaintiff has failed to demonstrate he is entitled to a preliminary injunction requiring Defendants to transport him to future medical appointments in vehicles with pre-installed cushioned seats.

#### A. Likelihood of Success on the Merits

Plaintiff has first failed to demonstrate he is likely to succeed on the merits of his Eighth Amendment claim.

An Eighth Amendment medical claim has two elements: (1) "the seriousness of the prisoner's medical need and [(2)] the nature of the defendant's response to that need." *McGuckin v. Smith,* 974 F.2d 1050, 1059 (9th Cir. 1991), *overruled on other grounds by WMX Techs., Inc. v. Miller,* 104 F.3d 1133 (9th Cir. 1997) (en banc). A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and

1 wanton infliction of pain.'" *McGuckin*, 974 F.2d at 1059 (*quoting Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). "The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment." *Id.* at 1059-1060.

If a plaintiff shows he suffered from a serious medical need, he must then show the prison officials responded to the need with deliberate indifference. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1970). "Deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain." *Estelle*, 429 U.S. at 104 (internal citation omitted); *see Hudson v. McMillan*, 503 U.S. 1, 6 (1992). Deliberate indifference to a prisoner's serious medical need requires "a purposeful act or failure to act on the part of the defendant." *McGuckin*, 974 F.2d at 1060. In other words, "[a] defendant must purposefully ignore or fail to respond to a prisoner's pain or possible medical need." *Id.* A prison official, accordingly, will not be found deliberately indifferent to a prisoner's serious medical needs, "unless the official knows of and disregards an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.*

Deliberate indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or [ ] may be shown by the way in which prison physicians provide medical care." *Hutchinson v. U.S.*, 838 F.2d 390, 394 (9th Cir. 1988). However, delay in providing a prisoner treatment does not constitute an Eighth Amendment violation unless the delay causes substantial harm. *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407

1  (9th Cir. 1985); *Amarir v. Hill*, 243 Fed. Appx. 353, 354 (9th Cir. 2007). Further, a mere

2  "'difference of medical opinion' as to the need to pursue one course of treatment over another"

3  does not constitute deliberate indifference. *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996).

4  *See also Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). A prisoner must instead show the

5  chosen course of treatment "was medically unacceptable under the circumstances," and was chosen

6  "in conscious disregard of an excessive risk to [the prisoner's] health." *Jackson,* 90 F.3d at 332*.*

7  *See also Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004).

8        There is no meaningful dispute at this stage in the proceeding that Plaintiff's ongoing back

9  condition constitutes a serious medical need. However, Plaintiff has failed to demonstrate he is

10  likely to succeed in proving Defendants were deliberately indifferent to that need. Plaintiff argues

11  Defendants have been deliberately indifferent to his serious medical need by failing to consistently

12  use a vehicle with pre-installed cushioned seats when transporting him to medical appointments

13  outside of SCCC. Dkt. 81, pp. 1-2.  But, the evidence submitted by the parties indicates Defendants

14  have actually responded to Plaintiff's request by offering medical accommodations. For example,

15  since January, 2016, Plaintiff has been scheduled for eleven medical transports, nine of which were

16  accomplished using a car with pre-installed cushioned seats. Dkt. 85, Exh. 1, ¶ 11. For situations

17  when a car with pre-installed cushioned seats was not available, Defendant Smith prescribed

18  Plaintiff with two portable cushions for his use, one to place under his buttocks and the other to

19  place behind his back. Dkt. 85, Exh. 2, ¶¶ 4, 5. The cushions are three inches thick, specially

20  ordered from a medical supplier, and designed for medical purposes. Dkt. 85, Exh. 2, ¶¶ 4, 5. This

21  fails to demonstrate Defendants have "purposefully ignore[d] or fail[ed] to respond to [Plaintiff's]

22  pain or possible medical need." *McGuckin*, 974 F.2d at 1060.

23

24

Plaintiff does not dispute he was prescribed two medical cushions. Instead, he argues this conduct nonetheless constitutes deliberate indifference to his serious medical needs, as the portable cushions are not sufficient to prevent serious pain and injury, and are in direct contravention of specific orders from his treating providers. Dkt. 81, p. 6. Specifically, Plaintiff argues his treating provider authorized a Health Status Report ("HSR") on September 15, 2015 limiting Plaintiff to "transport in car [with] cushioned seats due to medical condition." Dkt. 32, Exh. 18, p. 1. However, the HSR limiting Plaintiff to transport in cars with cushioned seats was subsequently rescinded. Dkt. 85, Exh. 2, ¶ 4. It was replaced with a new HSR on December 23, 2015, which authorized Plaintiff to receive two medical cushions for use during transport. *Id.* In addition, Plaintiff's request for an HSR limiting him to transport in vehicles with pre-installed cushioned seats was submitted to a panel of SCCC doctors and treatment providers. Dkt. 85, Exh. 2, ¶ 8. On June 15, 2016, the Care Review Committee ("CRC") panel concluded Plaintiff's proposed travel restriction was not medically necessary. Dkt. 85, Exh. 2, ¶ 8, Attachment A. In so doing, the CRC panel noted Plaintiff already possessed a HSR for "cushions for transport." *Id.* Defendant Smith also indicated, in her professional medical opinion, a car with pre-installed cushioned seats was not medically necessary. Dkt. 85, Exh. 2, ¶¶ 6-7. In fact, Defendant Smith opined that providing Plaintiff with portable cushions, though medically advisable, was also not medically necessary. Dkt. 85, Exh. 2, ¶¶ 6-7. Defendant Smith also opined the reason Plaintiff wants to be transported in a car with pre-installed cushioned seats—that he might lie down in the back seat during transport—was unsafe, as car seatbelts are not designed to protect individuals who are lying down. Dkt. 85, Exh. 2, ¶ 9.

At most, Plaintiff has demonstrated differences of opinion as to whether it was medically necessary for Plaintiff to be transported in cars with cushioned seats. *See* Dkt. 86, Exh. 1, p. 2; Dkt.

1 | 86, Exh. 2, pp. 1-2. Such differences in medical opinions are not sufficient to demonstrate that
2 | Defendants' actions in this case were medically unacceptable under the circumstances. *See*
3 | *Jackson*, 90 F.3d at 332. *See also Sanchez*, 891 F.2d at 242. Thus, Plaintiff has not demonstrated
4 | he is likely to succeed in his claim that Defendants were deliberately indifferent to his serious
5 | medical needs.

### B.  Likelihood of Irreparable Harm

7 | Under both tests followed by the Ninth Circuit, Plaintiff must show he will suffer
8 | irreparable harm in the absence of preliminary relief.  Plaintiff has not done so. "In the context of
9 | preliminary injunctive relief, irreparable harm is established when a plaintiff is unlikely to be made
10 | whole by an award of monetary damages or some other legal remedy at a later date, in the ordinary
11 | course of litigation." *Edge Games, Inc. v. Elec. Arts, Inc.*, 745 F. Supp. 2d 1101, 1117 (N.D. Cal.
12 | 2010) (*citing California Pharmacists Ass'n v. Maxwell–Jolly*, 563 F.3d 847, 851–52 (9th
13 | Cir.2009)). Speculative injury is not sufficient to demonstrate a likelihood of irreparable harm; a
14 | plaintiff must "*demonstrate* immediate threatened injury as a prerequisite to preliminary
15 | injunctive relief." *Caribbean Marine Services Co., Inc. v. Baldrige*, 844 F.2d 668, 674 (9th Cir.
16 | 1988) (emphasis in original) (*citing Los Angeles Memorial Coliseum Commission v. National
17 | Football League*, 634 F.2d 1197, 1201 (9th Cir. 1980). Because Plaintiff must demonstrate a real
18 | and immediate threat of future injury, past injury is largely irrelevant.  *See O'Shea v. Littleton*,
19 | 414 U.S. 488, 496 (1974); *Rizzo v. Goode*, 423 U.S. 362, 372 (1976); *City of Los Angeles v.*
20 | *Lyons*, 461 U.S. 95, 111 (1983).

21 | Plaintiff has not demonstrated that continued transport in vehicles without pre-installed
22 | cushioned seats will cause him irreparable harm. As discussed above, Plaintiff was provided with
23 | two medical cushions for his use when no vehicles with pre-installed cushioned seats are
24 |

1  available. Further, Plaintiff has not demonstrated that transport in a car with pre-installed

2  cushioned seats is medically necessary in his case. In fact, the medical evidence in the record

3  shows neither Plaintiff's proposed accommodation of transport exclusively in vehicles with pre-

4  installed cushioned seats, *nor* the provision of removable medical cushions were medically

5  necessary. Dkt. 85, Exh. 2, ¶¶ 4, 8; Attachment A.

6       Plaintiff cites to various grievances and prior HSRs for the proposition that the only way

7  he may avoid harm is to be transported to all future medical appointments in cars with pre-

8  installed cushioned seats. *See, e.g.*, Dkt. 32, Exh. 18, p. 1; Dkt. 81, p. 2 (*citing* Dkt. 61, Exh. A.).

9  However, this evidence does not establish imminent harm. For example, the HSR which

10  authorized transport in vehicles with pre-installed cushioned seats was subsequently rescinded.

11  Dkt. 85, Exh. 2, ¶ 4. Further, the responses to Plaintiff's grievances offer, at most, permissive

12  suggestions to improve his comfort, rather than medical requirements. *See, e.g.*, Dkt. 61, Exh. A

13  ("you can lay down to do medical trip—will discuss with Dr. Smith."). Thus, Plaintiff has failed to

14  demonstrate imminent harm which would warrant injunctive relief.

15       Because Plaintiff has not shown he is "'likely to suffer irreparable harm in the absence of

16  preliminary relief,' *Winter,* 555 U.S. at 20, we need not address the . . . remaining elements of

17  the preliminary injunction standard." *Ctr. for Food Safety v. Vilsack*, 636 F.3d 1166, 1174 (9th

18  Cir. 2011).

19      **II.**    **Plaintiff's ADA Claim**

20       Plaintiff alleges two causes of action in his Third Amended Complaint: 1) a cause of

21  action predicated on violations of the Eighth and Fourteenth Amendments to the United States

22  Constitution; and 2) Defendants' violation of a nondelegable duty to "keep prisoners in health

23  and safety." Dkt. 77, pp. 21-22. However, Plaintiff also devotes several pages in his

24

REPORT AND RECOMMENDATION ON
PLAINTIFF'S MOTION FOR A PRELIMINARY
INJUNCTION - 9

supplemental briefing to an analysis of discrimination under the Americans with Disabilities Act ("ADA"). *See* Dkt. 81, pp. 9-11.

A party moving for preliminary injunctive relief must demonstrate a sufficient nexus between the claims raised in the motion for injunctive relief and the claims set forth in the underlying complaint. *Pacific Radiation Oncology*, *LLC v. Queen's Medical Center*, 810 F.3d 631, 636 (9th Cir. 2015). A sufficient nexus exists between a motion for injunctive relief and the underlying complaint where "the preliminary injunction would grant 'relief of the same character as that which may be granted finally.'" *Id.*, (*quoting De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945)).

Here, while Plaintiff's Third Amended Complaint raises allegations of deliberate indifference to a serious medical need, Plaintiff's arguments pertaining to the ADA instead focus on the issue of whether he is a qualified individual with a disability, who is entitled to reasonable accommodations consistent with his requests. *See* Dkt. 81, pp. 9-10 (*citing* 28 C.F.R. § 35.160(b)(2)). Plaintiff has not demonstrated a sufficient nexus between his ADA claim and his Third Amended Complaint, as the relief Plaintiff would be entitled to under the ADA would not be relief of the same character as that which could be granted from his underlying complaint. *See Pacific Radiation*, 810 F.3d at 637 (noting there was not a sufficient nexus between the plaintiff's claims of unfair trade practices in the complaint, and the federal and state medical privacy claims raised in the motion for injunctive relief). *Compare Pierce v. County of Orange*, 526 F.3d 1190, 1217 (9th Cir. 2008) (requiring a claimant under the ADA to establish the existence of a reasonable accommodation, which the public entity may rebut by showing the requested accommodation would require a fundamental alteration or would produce an undue burden) *with Jackson,* 90 F.3d at 332 (noting a prisoner must show a chosen course of treatment

1  "was medically unacceptable under the circumstances" and was chosen "in conscious disregard
2  of an excessive risk to [the prisoner's] health."). As Plaintiff has not plead an underlying ADA
3  claim in his Third Amended Complaint, he may not now seek injunctive relief predicated on
4  such a claim.

## CONCLUSION

As Plaintiff has failed to show he is likely to succeed on the merits and has not shown irreparable harm, the Court recommends the Motion be denied.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on November 18, 2016, as noted in the caption.

Dated this 28th day of October, 2016.

David W. Christel
United States Magistrate Judge