UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MITCHELL LEE VARNELL,

    Plaintiff,

v.

WASHINGTON DEPARTMENT OF CORRECTIONS, et al.,

    Defendants.

CASE NO. 3:15-CV-05443-BHS-DWC

ORDER ON MOTION FOR PROTECTIVE ORDER

Plaintiff Mitchell Lee Varnelll, proceeding *pro se* and *in forma pauperis*, initiated this action pursuant to 42 U.S.C. § 1983. Presently pending before the Court is Defendants' Motion for Protective Order and Modification of Deadlines ("Motion"), wherein Defendants move for an order limiting discovery or, in the alternative, extending deadlines to respond to Plaintiff's discovery requests. Dkt. 43. Plaintiff filed his Response and Defendants filed their Reply. Dkt. 103, 107.[1]

---

[1] Plaintiff's Response was not timely filed. *See* Dkt. 103. However, as the Response was filed prior to the noting date, the Court will consider both Plaintiff's Response and Defendants' Reply, which was untimely as a result of Plaintiff's late Response.

ORDER ON MOTION FOR PROTECTIVE ORDER
- 1

## DISCUSSION

The Court has broad discretionary powers to control discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). Upon showing of good cause, the Court may deny or limit discovery "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c); *see also GTE Wireless, Inc. v. Qualcomm, Inc.*, 192 F.R.D. 284, 285–86 (S.D. Cal. 2000).

The evidence shows, to date, Defendants have responded to 13 sets of discovery, totaling 163 interrogatories and 97 requests for production. Dkt. 101-1, Williams Declaration, ¶ 3. On September 21, 2016, counsel for Defendants received 6 additional sets of discovery, totaling 150 requests for admission. *Id*. at ¶ 5. Defendants assert the requests for admission are duplicative and amount to harassment. Dkt. 101. Plaintiff contends Defendants have not provided honest and truthful answers, which require him to serve additional discovery on Defendants. Dkt. 103. The parties attempted to meet and confer, but could not come to a resolution regarding the discovery disputes. *See* Dkt. 101, 103.

The Court finds limiting discovery is appropriate in this case. Plaintiff has already served numerous discovery requests on Defendants. The requests for admission seek duplicative information from the previous discovery requests. *See* Dkt. 101-1. For example, in his interrogatories, Plaintiff requested information regarding the vehicles he was transported in from September 2011 to current. *See* Dkt. 101-1, p. 32. In the requests for admission, Plaintiff asks for information regarding the vehicles he was transported in on specific dates in September 2011. *See id*. at p. 6. Plaintiff's distrust in Defendants' discovery responses does not justify the additional discovery requests. *See Scott v. Palmer*, 2014 WL 6685810, *3 (E.D. Cal. Nov. 26, 2014) ("Mere distrust and suspicion regarding discovery responses do *not* form a legitimate basis

to further challenge responses which are facially legally sufficient; and Plaintiff is entitled neither to continue demanding additional and/or different evidence in support of discovery responses already provided nor to expand the scope of discovery beyond that sought in the initial discovery request.").

However, as Defendants have not responded to any requests for admission at this time, the Court finds Plaintiff should be allowed to serve a limited number of requests for admission on Defendants.

Accordingly, Defendants' Motion is granted as follows: Plaintiff is allowed to serve a total of 15 requests for admission on Defendants' counsel under Federal Rule of Civil Procedure 36.[2] The requests for admission may not contain subparts.

The discovery period closed on October 26, 2016. *See* Dkt. 74. Therefore, the discovery period is re-opened for the limited purpose of allowing Plaintiff to serve the 15 requests for admission. Plaintiff must serve the 15 requests for admission on Defendants' counsel by December 9, 2016. Defendants must respond to the 15 requests for admission within thirty days of service. No other discovery shall be conducted.

Any dispositive motion must be filed on or before February 7, 2017.

Dated this 15th day of November, 2016.

David W. Christel
United States Magistrate Judge

---

[2] Plaintiff is allowed to serve 15 requests for admission for the entire case, not per Defendant.